```
 1  GUIDO SAVERI (22349)
    R. ALEXANDER SAVERI (173102)
 2  GEOFFREY C. RUSHING (126910)
    CADIO ZIRPOLI (179108)
 3  SAVERI & SAVERI INC.
    111 Pine Street, Suite 1700
 4  San Francisco, CA 94111
    Telephone: (415) 217-6810
 5  Facsimile:  (415) 217-6813
    guido@saveri.com
 6  rick@saveri.com

 7  STEVE W. BERMAN (pro hac vice)
    ANTHONY D. SHAPIRO (pro hac vice)
 8  CRAIG R. SPIEGEL (122000)
    HAGENS BERMAN SOBOL SHAPIRO LLP
 9  1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
10  Telephone:  (206) 623-7292
    Facsimile:  (206) 623-0594
11
    FRED TAYLOR ISQUITH (pro hac vice)
12  MARY JANE FAIT (pro hac vice)
    WOLF, HALDENSTEIN, ADLER,
13     FREEMAN & HERZ
    270 Madison Avenue
14  New York, NY  10016
    Telephone:  (212) 545-4600
15  Facsimile: (212) 545-4653

16  Co-Lead Counsel for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | MDL Docket No. M-02-1486–PJH |
| This Document Relates To:<br><br>All Direct Purchaser Actions | Date:   April 18, 2007<br>Time:   9:00 a.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Courtroom:     3 |

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS MICRON TECHNOLOGY, INC., AND MICRON SEMICONDUCTOR PRODUCTS, INC. THROUGH ITS CRUCIAL TECHNOLOGY DIVISION**

1   This matter has come before the Court to determine whether there is any cause why this Court
2   should not approve the settlement with Defendants Micron Technology, Inc. and Micron Semiconductor
3   Products, Inc. through its Crucial Technology Division ("Defendants") set forth in the Settlement
4   Agreement ("Agreement"), dated January 9, 2007, relating to the above-captioned litigation. The Court,
5   after carefully considering all papers filed and proceedings held herein and otherwise being fully
6   informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there
7   is no just reason for delay of the entry of this final judgment approving this Agreement. Accordingly,
8   the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits
9   as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the Class and the Defendants.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Fed. R. Civ. P. 23(g), Class Counsel, previously appointed by the Court (Saveri & Saveri Inc., Hagens Berman Sobol Shapiro LLP, Wolf, Haldenstein, Adler, Freeman & Herz), are appointed as Counsel for the Class. These firms have, and will fairly and competently represent the interests of the Class.

5. The persons/entities identified on Exhibit 5 to the Declaration of Charlene Young filed on October 16, 2006 have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment . Such persons/entities are not entitled to any recovery for the settlement proceeds obtained through this settlement.

6. This Court hereby dismisses on the merits and with prejudice the Class Action in favor of

1  each and all of the Defendants, with each party to bear their own costs and attorneys' fees.

2      7. All persons and entities who are Releasing Persons are hereby barred and enjoined from
3  commencing, prosecuting or continuing, either directly or indirectly, against the Released Persons, in
4  this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in
5  the future may have, arising out of or related to any of the settled Claims as defined in the Agreement.

6      8. The Released Persons are hereby and forever released and discharged with respect to any
7  and all claims or causes of action which the releasing Persons had or have arising out of or related to any
8  of the Settled Claims as defined in the Agreement.

9      9. The notice given to the Class of the settlement set forth in the Agreement and the other
10 matters set forth herein was the best notice practicable under the circumstances, including individual
11 notice to all members of the Class who could be identified through reasonable efforts. Said notice
12 provided due and adequate notice of those proceedings and of the matters set forth therein, including the
13 proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice
14 fully satisfied the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and
15 the requirements of due process.

16     10. There are no objections to the settlement.

17     11. Without affecting the finality of this Judgment in any way, this Court hereby retains
18 continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class
19 Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing and
20 determining applications by the Representative Plaintiffs for attorneys' fees, costs, expenses, including
21 expert fees and costs, and interest; (d) the Class Action until the final judgements contemplate hereby
22 have become effective and each and every act agreed to be performed by the parties all have been
23 performed pursuant to the Agreement; (e) hearing and ruling on any matters relating to the plan of
24 allocation of settlement proceeds; and (f) all parties to the Class Actions and Releasing Persons for the
25 purpose of enforcing and administering the Agreement and the mutual releases and other documents
26 contemplated by, or executed in connection with the Agreement.

27     12. In the event that the settlement does not become effective in accordance with the terms of
28 the Agreement, then the judgment shall be rendered null and void and shall be vacated, and in such

event, all orders entered and releases delivered in connection herewith shall be null and void and the parities shall be returned to their respective positions *ex ante*.

13.   The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Date: April 18, 2007.



The Honorable Phyllis J. Hamilton

IT IS SO ORDERED
Judge Phyllis J. Hamilton

ram.716.wpd

FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS MICRON TECHNOLOGY, INC., AND MICRON SEMICONDUCTOR PRODUCTS, INC. THROUGH ITS CRUCIAL TECHNOLOGY DIVISION- Master File No. M-02-1486 PJH
-3-